Claudio Aguirre
18740 Vista Del Canon unit E. # 79
Newhall, California 91321
(818) 741-6162
claudioreyaguirre@hotmail.com
In PRO PER



FILED
CLERK, U.S. DISTRICT COURT

AUG 2 9 2011

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

Claudio Aguirre

               Plaintiff,

   v.

Cal-Western Reconveyance Corporation,
Aurora Loan Services, Inc.,
Mortgage Electronic Recording Systems
Joe Krasovic, Shannon K. Mottola and
Rhonda Rorie
and DOES 1-10, inclusive,


               Defendants.

**CASE NO: CV11- 6911** ⫟AS-NGR

***FIRST AMENDED VERIFIED***

***COMPLAINT FOR:***

1. **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
2. **VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA) 15 U.S.C. §1692 ET SEQ.;**
3. **MAIL FRAUD STATUTE, 18 USC § 1341;**
4. **WRONGFUL INITIATION OF FORECLOSURE.**
5. **VIOLATIONS OF CALIFORNIA CIVIL CODE 2934(a) and 2932,5**

**[JURY TRIAL DEMANDED]**

Plaintiff is proceeding *pro se.* Therefore, this Court must construe this claim liberally and hold it to a less stringent standard than the Court would apply to a pleading drafted by a lawyer.

*Laber v. Harvey,* 438 F.3d 404, 413 n. 3 (4th Cir. 2006).

---

1

**FIRST AMMENDED VERIFIED COMPLAINT**

## ***THEREFORE:***

Plaintiff, CLAUDIO AGUIRRE (hereinafter "Plaintiff") for this Complaint against Defendants CAL-WESTERN RECONVEYANCE CORPORATION (hereinafter "Cal-Western Reconveyance Corporation"), AURORA LOAN SERVICES, INC.(hereinafter "Aurora Loan Services, Inc."), Mortgage Electronic Recording Systems (hereinafter "MERS"),JOE KRASOVIK, RHONDA RORIE, SHANON K. MOTTOLA and DOES 1-10, inclusive, (collectively hereinafter "Defendants")---**Plaintiff hereby demands a trial by jury and pleads as follows:**

## ***JURISDICTION AND VENUE***

1. Plaintiff's claims against Defendants include violations of federal statutes commonly known as FDCPA and   MAIL FRAUD STATUTE, 18 U.S.C. § 1341 and others, This claims all arise out of the same controversy and sequence of events.
2. The real property which is the subject of this complaint is located within the County of Los Angeles.
3. This court has subject matter jurisdiction over this action under 12 U.S.C. §2614; 15 U.S.C. §1692k (d) and 28 U.S.C. §1331.
4. Venue is proper in this District pursuant to 28 U.S.C. §1391(b).
5. This is an action for damages which exceed $75,000.00.

## ***THE PARTIES***

6. Plaintiff CLAUDIO AGUIRRE, at all times mentioned herein is an individual residing in the state of California, County of Los Angeles and resides at the subject property of this Complaint, the location of which is commonly known as 18740 Vista Del Canon Unit E # 79 Newhall, California 91321 ('hereinafter the property').
7. Plaintiff is a consumer within the meaning of the FDCPA, 15 U.S.C. §1692a (3).
8. Defendant, Aurora Loan Services, Inc., was at all times relevant hereto and is a Delaware Corporation, doing business in California as a Loan Servicer/ debt collector. Despite ***not been registered or  authorized to do business in California, according to California Secretary of State***  (see: **EXHIBIT A**)

---

**FIRST AMMENDED VERIFIED COMPLAINT**

9. Defendant, Cal-Western Reconveyance Corporation, a subsidiary of Prommis Solutions, was at all times relevant hereto and is a provider of non-judicial foreclosure services to mortgage servicers in California. and pursuant to 15 U.S.C. §1692a(6). Is a "debt collector.

10. Defendant, Mortgage Electronic Recording Systems (MERS) was at all times relevant hereto and is an entity that operates a national electronic registry that tracks beneficial ownership interests and servicing rights associated with residential mortgage loans and any changes in those interests or rights.

11. Defendant, Joe Krasovic was at all times relevant hereto to and is an employee of Cal-Western Reconveyance Company appointing himself as a Secretary of Mortgage Electronic Recording Systems.

12. Defendant, Shannon K. Mottola was at all times relevant hereto and is an employee of Cal-Western Reconveyance Company working in the Trustee Sale Dept.

13. Defendant, Rhonda Rorie was at all times relevant hereto and is an employee of Cal-Western Reconveyance Company performing the duty of an in-house notary.

## ***FACTUAL ALLEGATIONS***

This is another case of unlawful activities by Defendants where they refuse to comply with State and Federal laws and regulations such as, *15 USC 1692g (b),* and an attempt to foreclose without standing, agency and authority to act. Defendant, Cal-Western Reconveyance Company in concert with the help of its employees, Joe Krasovic, Shannon k. Mottola and Rhonda Rorie who Plaintiff believes are Robo-signers, have fabricated the documents required by California Law in a foreclosure process. Thus, violating other laws herein.

14. Defendants, Cal-Western Reconveyance Company, Aurora Loan Servicing Company and Mortgage Electronic Recording Systems have failed to validate the debt and the amount stated on the Notice of Default which is in question. (see: EXHIBIT B and C )
( Violation of the FDCPA 15 USC 1692 g (b) ).

15. Defendant, Cal-Western Reconveyance Corporation acting as Substituted Trustee is attempting to foreclose on Plaintiff's home. Paragraph # 24 of the Deed of Trust (the contract) clearly states under "substitute Trustee" **that the __Lender,__ at its option, may**

**FIRST AMMENDED VERIFIED COMPLAINT**

from time to time appoint a successor trustee to any trustee appointed hereunder by an instrument executed and acknowledged by Lender and recorded in the office of the Recorder of the County in which the Property is located. (see **EXHIBIT G** ) *However, the Substitution of Trustee was not authorized by the Lender, which is Lehman Brothers.* see: **(EXHIBIT F )**. In fact, the Substitution of Trustee was executed by Joe Krasovic an employee of Cal-Western Reconveyance Company, acting as Secretary of MERS, whom Plaintiff alleges and believes may not exist.

16. Without authority conveyed from the true beneficiary, which is Lehman Brothers.  see: **(EXHIBIT F )** The Substitution of Trustee executed by an Joe Krasovic on behalf of MERS, is invalid and every document flowing from that particular Substitution.

17. Defendant, Cal-Western Reconveyance Corporation has no beneficial interest in the subject property and thus, lacks authority to attempt, or effect, a nonjudicial foreclosure. The foreclosure sale would be void under California law.  see: *Dimock v. Emerald Props., L.L.C.,* **97 Cal. Rptr. 2d 255, 261-63 (Cal. Ct. App. 2000).**

18. Defendant,Cal-Western Reconveyance Corporation has initiated the foreclosure process on Plaintiff's home by recording documents in the County Recorders Office—documents that lack validity which Plaintiff will prove in discovery. Including but not limited to MERS ASSIGNMENTS.

19. Defendants, Aurora Loan Services, Inc., MERS and  Cal-Western Reconveyance Company DO NOT have the legal **authority** to initiate the foreclosure action since they are complete strangers to the transaction and are not listed anywhere on the Promissory Note.

*Federal Rule of Civil Procedure 17(a)(1) which requires that an action must be prosecuted in the name of the real party in interest." See also, In re Jacobson, 402 B.R. 359, 365-66 (Bankr. W.D. Wash. 2009); In re Hwang, 396 B.R. 757, 766-67 (Bankr. C.D. Cal. 2008).*

**FIRST AMMENDED VERIFIED COMPLAINT**

### *California Civil Code Section 2934a*

*(a) (2) A substitution executed pursuant to subparagraph (B) of paragraph (1) is not effective unless all the parties signing the substitution sign, under penalty of perjury, a separate written document stating the following:*
*(A) The substitution has been signed pursuant to subparagraph (B) of paragraph (1).*
*(B) None of the undersigned is a licensed real estate broker or an affiliate of the broker that is the issuer or <u>servicer of the obligation secured by the deed of trust.</u>*

***Please note*** : AS STIPULATED IN THE DEED OF TRUST, MORTGAGE ELECTRONIC RECORDING SYSTEMS "MERS" HOLDS LEGAL TITLE AS AN AGENT OR NOMINEE FOR THE LENDER/INVESTOR ONLY. MERS IS NOT ENTITLED TO PAYMENT OF THE SECURED DEBT.THUS, RENDERING MERS WITHOUT LEGAL AUTHORITY TO ASSIGN THE DEED OF TRUST OR THE UNDERLYING NOTE. *IF ASSIGNMENT IS NOT AUTHORIZED BY THE LENDER OR THE REAL PARTY IN INTEREST,THE ASSIGNMEMT SHALL BE VOID.*

20. On or about February 13, 2010 (first request) and on or about June 3, 2011(second request) Aurora Loan Services, Inc., Mortgage Electronic Recording Systems and Cal-Western Reconveyance Corporation refused to validate the alleged debt (see: EXHIBIT D and E) and continued with their collection activities.

### *15 USC 1692g(b)* Disputed debts

*If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, **the debt collector shall cease collection of the debt**, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in subsection **(a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.***

**FIRST AMMENDED VERIFIED COMPLAINT**

22. The trustee (Cal-Western Reconveyance Corporation) is a debt collector, and is subject to requirements and restrictions of the FDCPA. **see**: *Heintz v. Jenkins, 514 U.S. 291, 115 S.Ct. 1489, 131 L.Ed.2d 395 (1995)*

23. The Fourth Circuit held that "trustees... acting in connection with a foreclosure can be 'debt collectors' under the [FDCPA]. See: <u>Moore v. COMMONWEALTH TRUSTEES, LLC, 2010</u>

24. In Wilson v. Draper & Goldberg, the Fourth Circuit held that "trustees . . . acting in connection with a foreclosure can be 'debt collectors' under the [FDCPA]." 443 F.3d at 375.

25. In <u>Kaltenbach v. Richards, 464 F.3d 524 (5th Cir. 2006)</u>, *Levin v. Klluever & Platt,* 2003 WL 22757763 (N.D. Ill. Nov. 19, 2003), *Blum v. Fisher & Fisher,* 961 F. Supp. 1218 (N.D. Ill. 1997), *Wehrheim v. Secrest,* 2002 WL 31427515 (S.D. Ind. Oct. 9 2002).

26. Aurora Loan Services, Inc. refuses to prove they have the RIGHT, STANDING, AGENCY, CAPACITY OR AUTHORITY to collect or foreclose—violating State and Federal Law.

27. Aurora Loan Services, Inc. in concert with Cal-Western Reconveyance Corporation sent to Plaintiff's home numerous Notices of Default of which are unable or unwilling to validate, making each one of them a violation of 15 U.S.C. 1692 g.

28. Defendants have induced INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS on Plaintiff's family by their unlawful acts. Defendant's acts have created sleepless nights, stress, specially on the innocent children, and difficulty concentrating and performing at work.

29. **"The elements** of a prima facie case for the tort of intentional infliction of emotional distress are: (1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) the actual and proximate causation of the emotional distress by the defendant's outrageous conduct."

---

**FIRST AMMENDED VERIFIED COMPLAINT**

*(Cervantez v. J.C. Penney Company, Inc.* (1979) 24 Cal.3d 579, 593 *(Cervantez).)* <u>An</u>
<u>attempt to collect an alleged debt by means of a false document has been held to be</u>
<u>sufficiently outrageous to constitute an outrageous act for purposes of this tort.</u>
*(Kachig v. Boothe* (1971) 22 Cal.App.3d 626, 641, fn. 1.)

30. Plaintiff incorporate his prior allegations that Aurora Loan Services, Inc. in concert with Cal-Western Reconveyance Corporation and its employees (Joe Krasovic, Shannon K Mottola and Rhonda Rorie (notary) sent documents stating unverified amounts owed by the Plaintiff to Aurora Loan Services, Inc.

31. ***Plaintiff further alleges:***
In the Substitution of Trustee, Cal-Western Reconveyance Corporation claims that, MERS assigned the Deed of Trust to them. However, there is no evidence of the assignment been duly acknowledged and recorded as mandated by California Civil Code 2932.5.

<u>IN CALIFORNIA,</u> CALIFORNIA CIVIL CODE 2932.5 GOVERNS THE POWER OF SALE UNDER AN ASSIGNED MORTGAGE, AND PROVIDES THAT THE POWER OF SALE CAN ONLY BE VEST IN A PERSON ENTITLED TO MONEY PAYMENTS. "WHERE THE POWER TO SELL REAL PROPERTY IS GIVEN TO A MORTGAGEE, OR OTHER ENCUMBRANCER, IN AN INSTRUMENT INTENDED TO SECURE THE PAYMENT OF MONEY, THE POWER IS PART OF THE SECURITY AND VESTS IN ANY PERSON WHO BY ASSIGNMENT BECOMES ENTITLED TO PAYMENT OF THE MONEY SECURED BY THE INSTRUMENT . *THE POWER OF SALE MAY BE EXERCISED BY THE ASSIGNEE IF THE ASSIGNMENT IS DULY ACKNOWLEDGED AND RECORDED*"

a) There is no evidence that, Cal-Western Reconveyance  Corporation, received a written expressed assignment from the current owner of the debt. Which is Lehman Brothers  see: **(Exhibit F)**
b) Cal-Western Reconveyance Corporation has no valid Recorded assignment to neither  the NOTE or the Deed of Trust.
c) MERS is not a necessary party (with beneficial interest) since the deed of trust did not give MERS any cognizable interest in the property nor is MERS named anywhere on the Promissory Note.
d) If MERS indeed lacks authority to make an assignment of the note, pursuant California Civil Code 2932.5 the true victim is not Aurora Loan Services, Inc. nor Cal-Western Reconveyance Corporation, but the current owner of the obligation which, is Lehman Brothers.
e) The MERS assignment is invalid, because, there is no documentation evidencing any authority from Lehman Brothers authorizing the action.
f) In *Landmark Nat'l Bank v. Kesler*, 216 P.3d 158, 167-68 (Kan. 2009), held that MERS was not a necessary party to a foreclosure action because it had no tangible interest in the mortgage as nominee for the lender.
g) MERS, as the nominee for the Lender under the terms in the Deed of Trust, does not possess the underlying promissory note and **cannot assign it, absent evidence of an explicit**

---

7

**FIRST AMMENDED VERIFIED COMPLAINT**

**authorization from the original lender.**  See (Saxon Mortgage Services, Inc. v. Hillery (N.D. Cal. Dec. 9, 2008, No. C-08-4357) 2008 U.S. Dist. LEXIS 100056; see also In re Agard (Bankr. E.D. N.Y. Feb. 10, 2011, No. 10-77338-reg) 2011 Bankr. LEXIS 488.)

h) Cal-Western Reconveyance Corporation uses an in house Notary on foreclosure documents.

i) **The imperfections in the foreclosure process will be prejudicial to the plaintiff's interests if foreclosure is not enjoined.**

///

# COUNT I

## *INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS*
### *(ALL DEFENDANTS)*

32. Plaintiff incorporates here each and every allegation set forth above.

33. Defendants,  are attempting to foreclose on Plaintiff's property with no Legal authority to act, nor standing. Thus, inflicting injury upon Plaintiff and Plaintiff's family. And this act is unacceptable to this Court.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Enforcement of California Civil Code 2934 (a) and 2932.5

b)  Prevent Defendants from moving forward with the unlawful foreclosure process.

c)  Awarding such other and further relief as the Court may deem just and proper

# COUNT II

## *VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)*
### *15 U.S.C. §1692 ET SEQ.*
### *(ALL DEFENDANTS)*

34. Plaintiff incorporates here each and every allegation set forth above.

35. Adjudging that Defendants violated the FDCPA.

36. Defendants AURORA LOAN SERVICES, INC. and Cal-Western Reconveyance Corporation  violated the FDCPA.  Defendants' violations include, but are not limited to the following:

(a) Defendants, AURORA LOAN SERVICES INC., Mortgage Electronic Recording Systems and Cal-Western Reconveyance Corporation, violated 15 U.S.C. §1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person.

---

8

**FIRST AMMENDED VERIFIED COMPLAINT**

(b) Defendants, AURORA LOAN SERVICES, INC., Mortgage Electronic Recording Systems and Cal-Western Reconveyance Corporation violated 15 U.S.C. §1692e(2) by falsely representing the character, amount, or legal status of any debt.

(c) Defendants, AURORA LOAN SERVICES, INC., Mortgage Electronic Recording Systems and Cal-Western Reconveyance Corporation violated 15 U.S.C. §1692e(6) by sale or transfer of any interest in the debt will cause the consumer to lose any claim or defense to payment of the debt.

(d) Defendants, AURORA LOAN SERVICES, INC., Mortgage Electronic Recording Systems and Cal-Western Reconveyance Corporation violated 15 U.S.C. §1692e(8) by communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

(e) Defendants, AURORA LOAN SERVICES, INC., Mortgage Electronic Recording Systems and Cal-Western Reconveyance Corporation violated 15 U.S.C. §1692e(10) by the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

(f) Defendants, AURORA LOAN SERVICES, INC., Mortgage Electronic Recording Systems and Cal-Western Reconveyance Corporation violated 15 U.S.C. §1692e(11) by the failure to disclose in the initial written communication with the consumer that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector.

(g) Defendants, AURORA LOAN SERVICES, INC., Mortgage Electronic Recording Systems and Cal-Western Reconveyance Corporation violated 15 U.S.C. §1692e(14) by the use of any name other than the true name of the debt collector's business.

(h) Defendants, AURORA LOAN SERVICES, INC., Mortgage Electronic Recording Systems and Cal-Western Reconveyance Corporation violated 15 U.S.C. §1692f(1) by the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

(i) Defendants, AURORA LOAN SERVICES, INC., Mortgage Electronic Recording System and Cal-Western Reconveyance Corporation violated 15 U.S.C. §1692f(6) taken or threatened to unlawfully repossess or disable the consumer's property.

(j) Defendants, AURORA LOAN SERVICES, INC., Mortgage Electronic Recording Systems and Cal-Western Reconveyance Corporation violated 15 U.S.C. §1692g by, within five days after the initial communication with Plaintiff in connection with the collection of any debt, failing to send Plaintiff a written notice containing a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

---

9

**FIRST AMMENDED VERIFIED COMPLAINT**

WHEREFORE, Plaintiff demands judgment against AURORA LOAN SERVICES, INC. for improper accounting and application of Plaintiff's mortgage payments and for actual, statutory, treble and/or punitive damages, and attorney's fees and costs, along with any other and further relief as the court deems just and proper, pursuant to 12 U.S.C. §2605.

## COUNT III

### *MAIL FRAUD STATUTE, 18 USC § 1341*
### *(ALL DEFENDANTS)*

37. Plaintiff incorporates here each and every allegation set forth above.

38. Adjudging that Defendant violated the *18 USC § 1341*.

39. Defendants shall be liable for MAIL FRAUD.

WHEREFORE, Plaintiff demands judgment for damages against AURORA LOAN SERVICES, INC. and Cal-Western Reconveyance Corporation for actual or statutory damages, and punitive damages, attorney's fees and costs, pursuant to 15 U.S.C. §1692k.

## COUNT IV

### WRONGFUL INITIATION OF FORECLOSURE
### *(ALL DEFENDANTS)*

40. Plaintiff incorporates here each and every allegation set forth above.

41. Adjudging that Defendants initiated an unlawful foreclosure.

42. Defendants shall be sanctioned for unlawful activities.

WHEREFORE, Plaintiff demands judgment for damages against AURORA LOAN SERVICES, INC. and Cal-Western Reconveyance Corporation for actual or statutory damages, and punitive damages, attorney's fees and costs, pursuant to 15 U.S.C. §1692k.

**FIRST AMMENDED VERIFIED COMPLAINT**

# PRAYER

WHEREFORE, plaintiff respectfully requests that the Court, pursuant to 15 U.S.C. §§ a-j and to the Court's own equity powers:

1. Enter judgment against Defendants, Mers, Aurora Loan Servicing, Inc. and Cal-Western Reconveyance Corporation in favor of plaintiff for each violation of the FDCPA alleged in this complaint;
2. Award plaintiff monetary civil penalties from Defendants for each violation of the FDCPA;
3. Prevent Defendants, from violating the *18 USC § 1341*;
4. Prevent Defendants, from foreclosing until Legal authority is proven.
5. Force Defendants to comply with CCC 2932.5 subject to the mandates.
6. Order defendants to pay the costs of this action; and
7. Award plaintiff such additional relief as the Court deems just and proper.

### *PLAINTIFF RESERVES THE RIGHT TO AMEND COMPLAINT*

### *PLAINTIFF IS ENTITLED AND DEMANDS A TRAIL BY JURY*

Dated: August 29, 2011

Respectfully submitted, CLAUDIO AGUIRRE.

---

11

**FIRST AMMENDED VERIFIED COMPLAINT**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# ( EXHIBIT A )

**FIRST AMMENDED VERIFIED COMPLAINT**



**Business Programs**

# Business Entity Detail

Data is updated weekly and is current as of Friday, August 05, 2011. It is not a complete or certified record of the entity.

| | |
|---|---|
| | AURORA LOAN SERVICES INC. |
| | C2015080 |
| | 06/27/1997 |
| | SURRENDER |
| | DELAWARE |
| | 10350 PARK MEADOWS PARK |
| | LITTLETON CO 80124 |
| | CORPORATION SERVICE COMPANY WHICH WILL DO BUSINESS IN CALIFORNIA AS CSC - LAWYERS INCORPORATING SERVICE |
| | 2730 GATEWAY OAKS DR STE 100 |
| | SACRAMENTO CA 95833 |

* Indicates the information is not contained in the California Secretary of State's database.

- If the status of the corporation is "Surrender," the agent for service of process is automatically revoked. Please refer to California Corporations Code **section 2114** for information relating to service upon corporations that have surrendered.
- For information on checking or reserving a name, refer to **Name Availability.**
- For information on ordering certificates, copies of documents and/or status reports or to request a more extensive search, refer to **Information Requests.**
- For help with searching an entity name, refer to **Search Tips.**

---

**Business Entities (BE)**

Online Services

- **Business Search**
- **Disclosure Search**
- **E-File Statements**
- **Processing Times**

**Main Page**

**Service Options**

**Name Availability**

**Forms, Samples & Fees**

**Annual/Biennial Statements**

**Filing Tips**

**Information Requests**
(certificates, copies &
status reports)

**Service of Process**

**FAQs**

**Contact Information**

Resources

- **Business Resources**
- **Tax Information**
- **Starting A Business**
- **International Business
  Relations Program**

**Customer Alert**
(misleading business
solicitations)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# ( EXHIBIT B )

FIRST AMMENDED VERIFIED COMPLAINT

Recording Requested By
When Recorded Mail To

Cal-Western Reconveyance Corp.
P.O. Box 22004
525 East Main Street
El Cajon CA 92022-9004

*1209851-14*   *NODXR*
Trustee Sale No. 1209851-14
   0906633|4

THIS IS TO CERTIFY THAT THIS IS A FULL,
TRUE AND CORRECT COPY OF THE ORIGINAL
RECORDED IN THE OFFICE OF THE COUNTY
RECORDED ON: __April 21, 2009__ _____
AS DOCUMENT NO: __09-0578487__ BK: / PG:
BY: __s/ Title Court Automation__ ____ ____
LSI TITLE COMPANY (CA)

Space Above This Line For Recorder's Use

Loan No. XXXXXX9088 Ref: AGUIRRE, CLAUDIO

# NOTICE OF DEFAULT

## IMPORTANT NOTICE

**IF YOUR PROPERTY IS IN FORECLOSURE BECAUSE YOU ARE BEHIND IN YOUR PAYMENTS, IT MAY BE SOLD WITHOUT ANY COURT ACTION,** and you may have legal right to bring your account in good standing by paying all of your past due payments plus permitted costs and expenses within the time permitted by law for reinstatement of your account, which is normally five business days prior to the date set for the sale of your property. No sale date may be set until three months from the date this notice of default may be recorded (which date of recordation appears on this notice). This amount is $5,429.95 as of April 10, 2009, and will increase until your account becomes current. While your property is in foreclosure, you still must pay other obligations (such as insurance and taxes) required by your note and deed of trust or mortgage. If you fail to make future payments on the loan, pay taxes on the property, provide insurance on the property, or pay other obligations as required in the note and deed of trust or mortgage, the beneficiary or mortgagee may insist that you do so in order to reinstate your account in good standing. In addition, the beneficiary or mortgagee may require as a condition to reinstatement that you provide reliable written evidence that you paid all senior liens, property taxes, and hazard insurance premiums.

Upon your written request, the beneficiary or mortgagee will give you a written itemization of the entire amount you must pay. You may not have to pay the entire unpaid portion of your account, even though full payment was demanded, but you must pay all amounts in default at the time payment is made. However, you and your beneficiary or mortgagee may mutually agree in writing prior to the time the notice of sale is posted (which may not be earlier than the end of the three-month period stated above) to, among other things, (1) provide additional time in which to cure the default by transfer of the property or otherwise; or (2) establish a schedule of payments in order to cure your default; or both (1) and (2).

Following the expiration of the time period referred to in the first paragraph of this notice, unless the obligation being foreclosed upon or a separate written agreement between you and your creditor permits a longer period, you have only the legal right to stop the sale of your property by paying the entire amount demanded by your creditor.

To find out the amount you must pay, or to arrange for payment to stop the foreclosure, or if your property is in foreclosure for any other reason, contact:
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC

C/O CAL-WESTERN RECONVEYANCE CORPORATION
525 EAST MAIN STREET
P.O. BOX 22004
EL CAJON        9004 CA 92022-9004
(619)590-9200

If you have any questions, you should contact a lawyer or the governmental agency which may have insured your loan.

Page 1 of 2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# ( EXHIBIT C )

15

**FIRST AMMENDED VERIFIED COMPLAINT**

# SUBSTITUTION OF TRUSTEE

**LOAN NO:** 9088

**TS NO:** 120985/-/4

Whenever the context hereof so requires, the masculine gender includes the feminine and/or neuter, and the singular number includes the plural.

**Dated:** 4-8-09

Mortgage Electronic Registration Systems, Inc. (MERS)

Joe Krasovic
**Assistant Secretary of MERS**

**STATE OF:** California
**COUNTY OF:** San Diego

On 4-8-09 before me, _____ **Rhonda Rorie** _____, a Notary Public in and for said State, personally appeared Joe Krasovic, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument. I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____

(Seal)

**RHONDA RORIE**
COMM. # 1667650
NOTARY PUBLIC-CALIFORNIA
SAN DIEGO COUNTY
My Comm. Exp. May 16, 2010

CAL1FORsub.doc                    Rev 02-14-08

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# ( EXHIBIT D )

16

**FIRST AMMENDED VERIFIED COMPLAINT**

*Exhibit "D"*

# NOTICE TO CEASE AND DESIST

**FEBRUARY 13, 2010**                    **Trustee Sale No.1209851-14**

**This is my formal request for AURORA LOAN SERVICES, MERS, and CAL-WESTERN RECONVEYANCE CORP. to validate the debt, produce the "original" agreement a/k/a contract and the mortgage note. Without the originals you have NO Standing. This request includes providing proof that you have received "confer of specific power of sale", and proof you are the "Real Party in Interest."  Unless you have all these you have NO Standing to foreclose on mortgage no. 0031259088 located at 18740 Vista Del Canon E. # 79,Newhall, CA 91321  Furthermore, I have not willfully and knowingly given any of you power to act in my behalf to foreclose.  Any attempt to use secret, ambiguous phrases, clauses is without full disclosure and fraud.  I dispute the debt and foreclosure**

**You AURORA  LOAN SERVICES, MERS, and CAL-WESTERN RECONVEYANCE CORP.** are hereby noticed  to cease and desist all proceedings until you provide validation of all the information contained herein, especially in 15 USC §1692g, VALIDATION OF DEBTS,

The Grantor or the Mortgage recording did/does NOT confer specific power of sale to **AURORA LOAN SERVICES,MERS, and CAL-WESTERN RECONVEYANCE CORP.** Without specific power of sale, you have no standing to foreclose!

Furthermore, any waiver of presentment of the note was done without "full disclosure" and is a violation of the TRUTH IN LENDING ACT (TILA) and therefore, makes ANY waiver of presentment void.

**CASE REFERENCES TO PREVENT YOU HARM:**

"A party lacks standing to invoke the jurisdiction of a court unless he has, in an individual or a

NOTICE TO CEASE AND DESIST  Claudio (family) Aguirre                    Page 1

representative capacity, some real interest in the subject matter of an action." Wells Fargo Bank, v. Byrd, 178 Ohio App.3d 285, 897 N.E.2d 722 (2008). It went on to hold, "If plaintiff has offered no evidence that it owned the note and mortgage when the complaint was filed, it would not be entitled to judgment as a matter of law." **NO acceptable evidence is presented!**

*Patton v. Diemer*, 35 Ohio St. 3d 68, 518 N.E.2d 941 (1988). A judgment rendered by a court lacking subject matter jurisdiction is void *ab initio*. Consequently, the authority to vacate a void judgment is not derived from Ohio R. Civ. P. 60(B), but rather constitutes an inherent power possessed by Ohio courts. I see no evidence to the contrary that this would apply to ALL courts.

**Lawyer responsible for false debt collection claim** Fair Debt Collection Practices Act, 15 USCS §§ 1692-1692o, *Heintz v. Jenkins*, 514 U.S. 291; 115 S. Ct. 1489, 131 L. Ed. 2d 395 (1995). and FDCPA Title 15 U.S.C. sub section 1692.

*Lambert v. Firstar Bank*, 83 Ark. App. 259, 127 S.W.3d 523 (2003). Complying with the Statutory Foreclosure Act **does not insulate a financial institution from liability** and does not prevent a party from timely asserting any claims or defenses it may have concerning a mortgage foreclosure. *A.C.A.A* § 18-50-116(d)(2).

Through Deceptive practice and without full disclosure the Mortgage agreement/contract and or note have secretive clauses like "cognovit note" and "waiver of presentment" which the bank/mortgage company uses to assert, presume, or prove that Plaintiff's right to rebut and/or litigate is waived to the bank/mortgage company. CLAUDIO and/or Claudio of the family Aguirre did not voluntarily, intelligently, and knowingly waive the rights possessed to prejudgment notice and hearing under U.S. Const. amend. XIV with full awareness of the legal consequences. As stated in, *Jones v. John Hancock Mut. Life Ins. Co.*, 289 F.Supp. 930 (1968). "A man must read what he signs, and he is charged if he does not; but insurers who seek to impose upon words of common speech an esoteric significance intelligible only to their craft, the insurance and underwriting industry, must bear the burden of any resulting confusion." Likewise Banks and Mortgage companies would bear the burden of any resulting confusion. In *Fina Supply Inc. v. Abilene National Bank*, 726 S.W.2d 537 (1987). it states, "Party having superior knowledge who takes

NOTICE TO CEASE AND DESIST  Claudio (family) Aguirre                    Page 2

advantage of another's ignorance of the law to deceive him by studied concealment or misrepresentation can be held responsible for that conduct." Any such failure to provide "full disclosure" is knowledgeable, willful fraud in the factum, intent to defraud, and fraud vitiates all contracts and is punishable under Title 18 USC. My mortgage agreement/contract and/or note have secret, concealed or misrepresentation clauses without "full disclosure" that cannot be used legally to foreclose on Affiant's property and I see no proof to the contrary.

**If you were not previously aware of the above mentioned fraudulent and criminal activity and you may be an innocent party in this matter, I would urge your utmost cooperation in ceasing all your activities relating to the ongoing foreclosure action. If, however, you choose to move forward in ANY manner and participate in ANY way in the attempted foreclosure action referenced above, you will demonstrate your complicity and willingness to be a party to the COUNTERFEITING and CONSPIRACY TO DEFRAUD. Now that you have been given notice, by continuing without validation of the debt, you cannot deny complicity. In full knowledge of willful proceeding without debt validation may adjoin you personally joint and several to potential criminal prosecution and civil litigation for damages.**

**You have hereby been legally noticed of this fraud and your involvement, whether knowingly or unknowingly and you therefore may make no future claim of a lack of knowledge of these criminal activities and your participation therein, which could absolve you of liability or culpability. It is my intent to pursue any and all legal remedies against any and all participants regarding these fraudulent acts. The bonding companies of those involved will be notified of claims regarding the civil matters. Conduct yourself accordingly.**

NOTICE TO CEASE AND DESIST  Claudio (family) Aguirre                           Page 3

## 15 USC §1692g. Validation of debts

### (a) Notice of debt; contents

Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

### (b) Disputed debts

If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in

NOTICE TO CEASE AND DESIST  Claudio (family) Aguirre                    Page 4

subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

## CLAUDIO AGUIRRE

By: Claudio (family) Aguirre, authorized representative, Affiant, UCC 3-402 (b)(1)

By: _____

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# ( EXHIBIT E )

**FIRST AMMENDED VERIFIED COMPLAINT**

## NOTICE OF DISPUTE AND REQUEST FOR DEBT VALIDATION
### 15 USC 1692 g (b)

Date: June 3, 2011

**From:**      **CLARA AGUIRRE**
              **CLAUDIO AGUIRRE**
              **18740 Vista Del Canon Unit E# 79**
              **Newhall, California**
              **91321**

**To:**    **CAL-WESTERN RECONVEYANCE CORP.**
          **Attn: Debt Validation Dept.**
          **525 East Main Street**
          **P.O. Box 22004**
          **El Cajon, California 92022--9004**

**CERTIFIED MAIL RECEIPT #** 7009 2250 0000 3602 1632

REF: Trustee Sale # 1209851-14

Pursuant to the truth in lending laws of the United States Code, Title 15 § 1601 et. seq. and the Fair Debt Collection Practices Act laws of the United States Code § 1692 et. seq.

This notice constitutes a timely written response to your Fair Debt Collection Practices Act notice that you are attempting to collect an alleged debt and is not a dishonor of your alleged claim of debt.

This notice is my, required by law, demand to "cease and desist" collection activities prior to validation of purported debt and you must validate the enclosed claim of an alleged debt.  You must provide verification that an actual debt really exists by producing the following:

1   The name and address of the creditor to whom the debt is owed.

2   The amount owed.

3   The name and address of the original creditor if different than the actual creditor;

4   The origin of the funds used to create this alleged claim of a debt

5   Validation of the debt, to wit, the chain of title to the debt and a history of charges and payments thereon.

6   The actual records showing that an actual loan was made from the creditors own funds that resulted in the enclosed debt.

NOTICE OF DISPUTE AND REQUEST FOR DEBT VALIDATION PURSUANT 15 USC 1692, g (b)

7   The actual records with a <u>live signature on any and all document/instrument(s)</u> used to allege the existence of a real loan.

8   Be advised that verification is defined (Black's Law Dictionary, 6th Edition) as follows: "<u>Confirmation of correctness, truth, or authenticity, by affidavit, oath or deposition</u>". Affidavit of truth of matter stated and object of verification is to assure good faith in averments or statements of party.

9   The actual records of the organization showing that an honest disclosure of facts relating to the alleged loan was made in compliance with the truth in lending laws of the United States Code, Title 15 § 1601 et. seq. and Regulation Z.

10  The actual records showing that any and all document/instrument(s) containing my signature or the likeness of my signature were not negotiated or pledged by the creditor against my credit to create the funds used for the appearance of a debt and resulting in this alleged claim of debt.

<u>15 U.S.C. § 1692 (e) states that a "false, deceptive, and misleading representation, in connection with the collection of any debt," includes the false representation of the character or legal status of any debt and further makes a threat to take any action that cannot legally be taken a deceptive practice.</u>

Pursuant to 15 U.S.C. § 1692 (g) (4) <u>**Validation of Debts**</u>, if you have evidence to validate your claim that the attached presentment does not constitute fraudulent misrepresentation and that one owes this alleged debt, this is a demand that, within 30 days, you provide such verification/validation and supporting evidence signed and certified under penalty of perjury to substantiate your claim. Until the requirements of the Fair Debt Collection Practices Act have been complied with and your claim is verified/validated, you have no consent to continue any collection activities.

This is a constructive notice that, absent the validation of your claim within 30 days, you must "cease and desist" any and all collection activity and are prohibited from contacting me through the mail, by telephone, in person, at my home, or at my work. You are further prohibited from contacting any other third party. Each and every attempted contact, in violation of this act, will constitute harassment and defamation of character and will subject your agency and/or attorney and any and all agents in his/her individual capacities, who take part in such harassment, and defamation, to a liability for actual damages, as well as <u>**statutory damages of up to $1,000 for each and every violation**</u>, and a further liability for legal fees to be paid to any counsel which I may retain. Further, absent such validation of your claim, you are prohibited from filing any notice of lien and/or levy or judgment and are also barred from reporting any derogatory credit information to any credit reporting agency, regarding this disputed purported debt.
Further, pursuant to the <u>**Fair Debt Collection Practices Act**</u>, 15 U.S.C. § 1692 (g) (8), as you are merely an "agency" acting on someone else's behalf, this is a demand that you provide the name of the original "principle", or "holder in due course", for whom you are attempting to collect this alleged debt.
Your enclosed claim of collection of a purported debt appears to be founded upon a false record in

NOTICE OF DISPUTE AND REQUEST FOR <u>DEBT VALIDATION PURSUANT 15 USC 1692, g (b)</u>

violation of U.S.C. Title 18 § 2071 and 2073 (falsifying records) and further; uttering and possessing false obligations and counterfeit securities based upon the falsified records in violation of U.S.C. Title 18 § 471, 472, 473 and/or 513, and further: using corrupt business practices to make and possess false records and claim of obligation, not substantiated by truthful facts in violation of the Federal Racketeer Influences and Corrupt Organization (RICO), U.S.C. Title 18 § 1961 et. seq. and further: using the U.S. Mail to present such fraud and false instruments amounting to Mail Fraud, criminal conduct falling under Title 18 U.S.C. § 1341 – Frauds and Swindles laws, and further sending mail with false and fictitious names, a criminal conduct falling under Title 18 U.S.C. § 1842 – Fictitious Names.

### TAKE NOTICE

Debt Collector's failure in providing Respondent with the requisite verification, validating the above referenced alleged debt within the requirements of law as codified in the Fair Debt Collection Practices Act, Fair Credit Reporting Act and the corresponding laws of each state, signifies that Debt Collector tacitly agrees that:

a.  Debt Collector has no lawful, bona fide, verified claim, re the above-referenced alleged account:
b.  Debt Collector waives any and all claims against Respondent and
c.  Debt Collector tacitly agrees that Debt Collector will compensate Respondent for all costs, fees and expenses incurred in defending against this and any and all continued collection attempts, re the above-referenced alleged account.
d.  Failure of Debt Collector to properly and legally verify/validate alleged debt as required in this notice is a self executing irrevocable power of attorney authorizing Respondent/Alleged Debtor named herein to direct the permanent removal, on behalf of the alleged Creditor, of any and all references to said account in any and all credit reporting agency files of any type.

This response will constitute my effort to resolve this on-going debt claim between the parties involved. Until full disclosure is achieved, there can be no case, collection or action. "No civil or criminal cause of action can arise lest, out of fraud, there be a valid, honest contract." See *Eads v. Marks* 249 P. 2d 257, 260.

Sincerely,   CLARA AGUIRRE _Clara Aguirre_

NOTICE OF DISPUTE AND REQUEST FOR DEBT VALIDATION PURSUANT 15 USC 1692, g (b)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# ( EXHIBIT F )

**FIRST AMMENDED VERIFIED COMPLAINT**

# Aurora • Loan Services

10350 PARK MEADOWS DRIVE • LITTLETON, CO 80124

September 1, 2010

**VIA EXPRESS DELIVERY**

Mr. Claudio Aguirre
18740 Vista Del Canon Unit E # 79
Newhall , CA 91321

RE:   **Aurora Loan Services Loan No.: 0031259088**
        **Property Address: 18740 Vista Del Canon East, Unit 79, Newhall, CA 91321**

Dear Mr. Aguirre;

Aurora Loan Services LLC ("Aurora Loan Services") is in receipt of your letter dated August 8, 2010, in which you state your signature was forged on the promissory note by the bank.

Aurora Loan Services has reviewed your mortgage loan account and noted the following:

Your mortgage loan was funded by Guaranty Bank on July 8, 2005, ~~sold to Lehman Brothers Bank on August 9, 2005~~ and is currently serviced by Aurora Loan Services. Any discrepancies noted on the closing documents need to be addressed with Guaranty Bank. Attached for your review is a copy of your loan payment history and charges that have been placed on your mortgage loan account. Our records reflect that your mortgage loan is not paid off and is currently due for the January 1, 2009 through and including September 1, 2010 monthly payments. If pay off funds were remitted as indicated in your communication, please provide evidence of such, for our review and research.

I trust that this letter responds to your concerns. If you have any further questions or concerns regarding this matter, please contact the Aurora Loan Services Executive Communications Department by calling 1-866-420-3167, Monday through Friday between the hours of 8:00 a.m. and 5:00 p.m. (MST).

Sincerely,

Jarrod Trumpp
Executive Communications

JT:ars

Enclosure

EQUAL HOUSING LENDER   AURORA LOAN SERVICES LLC

( EXHIBIT G )

**FIRST AMMENDED VERIFIED COMPLAINT**

7/21/05

14

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

22. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under Section 18 unless Applicable Law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the power of sale and any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If Lender invokes the power of sale, Lender shall execute or cause Trustee to execute a written notice of the occurrence of an event of default and of Lender's election to cause the Property to be sold. Trustee shall cause this notice to be recorded in each county in which any part of the Property is located. Lender or Trustee shall mail copies of the notice as prescribed by Applicable Law to Borrower and to the other persons prescribed by Applicable Law. Trustee shall give public notice of sale to the persons and in the manner prescribed by Applicable Law. After the time required by Applicable Law, Trustee, without demand on Borrower, shall sell the Property at public auction to the highest bidder at the time and place and under the terms designated in the notice of sale in one or more parcels and in any order Trustee determines. Trustee may postpone sale of all or any parcel of the Property by public announcement at the time and place of any previously scheduled sale. Lender or its designee may purchase the Property at any sale.

Trustee shall deliver to the purchaser Trustee's deed conveying the Property without any covenant or warranty, expressed or implied. The recitals in the Trustee's deed shall be prima facie evidence of the truth of the statements made therein. Trustee shall apply the proceeds of the sale in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable Trustee's and attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

23. Reconveyance. Upon payment of all sums secured by this Security Instrument, Lender shall request Trustee to reconvey the Property and shall surrender this Security Instrument and all notes evidencing debt secured by this Security Instrument to Trustee. Trustee shall reconvey the Property without warranty to the person or persons legally entitled to it. Lender may charge such person or persons a reasonable fee for reconveying the Property, but only if the fee is paid to a third party (such as the Trustee) for services rendered and the charging of the fee is permitted under Applicable Law. If the fee charged does not exceed the fee set by Applicable Law, the fee is conclusively presumed to be reasonable.

24. Substitute Trustee. Lender, at its option, may from time to time appoint a successor trustee to any Trustee appointed hereunder by an instrument executed and acknowledged by Lender and recorded in the office of the Recorder of the county in which the Property is located. The instrument shall contain the name of the original Lender, Trustee and Borrower, the book and page where this Security Instrument is recorded and the name and address of the successor trustee. Without conveyance of the Property, the successor trustee shall succeed to all the title, powers and duties conferred upon the Trustee herein and by Applicable Law. This procedure for substitution of trustee shall govern to the exclusion of all other provisions for substitution.

25. Statement of Obligation Fee. Lender may collect a fee not to exceed the maximum amount permitted by Applicable Law for furnishing the statement of obligation as provided by Section 2943 of the Civil Code of California.

DOC  #:324553                     APPL #:0010736981                          LOAN #:0010736981

         -6A(CA)  (0207)                    Page 13 of 15              Initials:        Form 3005  1/01

05  1720926

Public Record

.    ▸

## *Affidavit*

**STATE OF CALIFORNIA** )
) **SS**
**C OUNTY OF LOS ANGELES** )

*I, Claudio Aguirre being first duly sworn on oath deposes and says that he is an adult and resides at 18740 Vista Del Canon unit E # 79 in the City of Newhall, California 91321.*

*I, Claudio Aguirre certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraphs are true and correct*

1. **Claudio Aguirre alleges and believes and affirms that, MERS, is not a true beneficiary under the Deed of Trust. See (beneficiary) Roger Bernhardt, California Mortgages and Deeds of Trusts practice § 1.29 (2nd ed.).**

2. **Claudio Aguirre alleges and believes and affirms that, MERS is not entitled to payment under the Deed of Trust.**

3. **Claudio Aguirre alleges and believes and affirms that, MERS in not the Note Holder evidence of debt.**

4. **Claudio Aguirre alleges and believes and affirms that, MERS does not have the Legal authority to Invoke the Power of Sale Clause.**

5. **Claudio Aguirre alleges and believes and affirms that, MERS has no authorization from Lehman Brothers to substitute the Trustee.**

6. **Claudio Aguirre alleges and believes and affirms that, MERS has no authorization from Lehman Brothers to begin the foreclosure process.**

-2-

**AFFIDAVIT**

7. **Claudio Aguirre alleges and believes and affirms that, Cal-Western Reconveyance Company, does not have a valid written, recorded, duly acknowledged assignment of beneficial interest from Lehman Brothers.**

*Claudio Aguirre*

STATE OF CALIFORNIA        )
COUNTY OF LOS ANGELES  )SS

On _____, 2011 , before me, _____
a notary public appeared, _____
who proved to me on the basis of satisfactory evidence to be the person whose name is
subscribed to the within instrument, and acknowledged to me that he executed the
same in his authorized capacity, and that by his signature on the instrument the person,
or the entity upon behalf of which the person acted, executed the instrument.
I certify under **PENALTY OF PERJURY** under the laws of the State of California that
the foregoing paragraph is true and correct.

Witness my hand and official seal.

State of California County of
LOS Angeles
Subscribed and sworn to (or affirmed)
before me on this 29 day of Aug , 2011 by
Claudio Aguirre _____Signature_____
proved to me on the basis of satisfactory evidence
to be the person(s) who appeared before me.
Signature Gail P. Zimmerman
(Seal)

GAIL P. ZIMMERMAN
Commission # 1911947
Notary Public - California
Los Angeles County
My Comm. Expires Nov 29, 2014

-2-

**AFFIDAVIT**

# **Verification**

In Witness, Whereof, Knowing the law of bearing false witness before God and Men, I Solemnly aver the above is true and correct and is presented to the Defendants in good faith and is not interposed for the purpose of delay or any other purpose with which I, the Plaintiff, have herein stated and declared.

That I have further read the above Verified Complaint and know the contents thereof to be true; and the same is true of my own knowledge, except to the matters which are therein stated on my information and belief, and as to those matters I believe them to be true.

Dated: August 29, 2011

By: _____

CLAUDIO AGUIRRE, Pro Per

---

12

**FIRST AMMENDED VERIFIED COMPLAINT**

Name & Address:

CLAUDIO AGUIRRE
18740 VISTA DeL Canyon
   Unit E # 79
Newhall, CA 91321

**FOR OFFICE USE ONLY**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CLAUDIO AGUIRRE

| | CASE NUMBER |
|---|---|
| PLAINTIFF(S) | CV11-06911-CAS-AGR |

Cal-Western Reconveyance
   SEE: Attachment

DEFENDANT(S).

**SUMMONS**

**FOR OFFICE USE ONLY**

TO:   DEFENDANT(S): _____

_____

A lawsuit has been filed against you.

Within **91** days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☐ complaint ☒ **1st** amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, CLAUDIO AGUIRRE, whose address is 18740 VISTA DeL CANYON UNIT E #79 Newhall If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.   CA, 91321

Clerk, U.S. District Court

**TANYA DURANT**

Dated: **8·29·11**

By: _____
      Deputy Clerk

(Seal of the Court)

1188

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

**FOR OFFICE USE ONLY**

**Aurora Loan Services, Inc.,**
**Mortgage Electronic Recording Systems**
**Joe Krasovic,**
**Shannon K. Mottola and**
**Rhonda Rorie**
**and DOES 1-10, inclusive, Defendants.**

1