UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  "O"

| Case No. | CV 11-6911 CAS (AGRx) | Date | January 30, 2012 |
|---|---|---|---|
| Title | CLAUDIO AGUIRRE v. CAL-WESTERN RECONVEYANCE CORPORATION; ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine M. Jeang | Theresa Lanza | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Claudio Aguirre | | Jason Short |

**Proceedings:**     **DEFENDANTS' MOTION TO DISMISS** (filed 11/9/2011)

## I.     INTRODUCTION

On August 22, 2011, pro se plaintiff Claudio Aguirre ("plaintiff" or "Aguirre") filed the instant action against Cal-Western Reconveyance Corporation ("Cal-Western"); Aurora Loan Services, Inc. ("Aurora"); Mortgage Electronic Recording Systems ("MERS"); Joe Krasovic ("Krasovic"); Shannon K. Mottola ("Mottola"); Rhonda Rorie ("Rorie"); and DOES 1–10, inclusive (collectively "defendants").  On August 29, 2011, plaintiff, as a matter of course, filed a first amended complaint ("FAC").  Aurora and MERS, joined by Cal-Western, Krasovic, Mottola, and Rorie, filed a motion to dismiss the FAC on October 12, 2011, which the Court granted on November 7, 2011, with leave to amend.  See Dkt. No. 22.

Aguirre thereafter filed a second amended complaint ("SAC") on December 6, 2011.  The SAC advances ten claims for relief, styled as: (1) violation of Fed. R. Civ. P. 17, (2) violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692f, 1692g ("FDCPA"), (3) violation of the Real Estate Settlement Practices Act, 12 U.S.C. §§ 2605, 2607 ("RESPA"), (4) violation of the California Rosenthal Act, Cal. Civ. Code §§ 1788 et seq. ("Rosenthal Act"), (5) violation of the Racketeering and Corrupt Influenced Organizations Act, 18 U.S.C. §§ 1961 et seq. ("RICO"), (6) declaratory relief, (7) violation of the Truth in Lending Act 15 U.S.C. § 1641 et seq. ("TILA"), (8) quiet title,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     "O"

| Case No. | CV 11-6911 CAS (AGRx) | Date | January 30, 2012 |
|---|---|---|---|
| Title | CLAUDIO AGUIRRE v. CAL-WESTERN RECONVEYANCE CORPORATION; ET AL. | | |

(9) various fraud claims, including mail fraud, 18 U.S.C. § 1341, and (10) violations of Cal. Civ. Code §§ 2920 et seq.[1]

On December 28, 2011, Aurora and MERS filed a motion to dismiss the SAC, and Cal-Western, Krasovic, Mottola and Rorie joined in the motion. Aguirre opposed the motion on January 9, 2012, and defendants replied on January 13, 2012. After carefully considering the arguments set forth by both parties, the Court finds and concludes as follows.

**II.  BACKGROUND**

On July 12, 2005, plaintiff executed a promissory note in the amount of $244,000 from GN Mortgage, LLC ("GN Mortgage"), secured by a deed of trust (the "deed") on real property located at 18740 Vista Del Canon Unit E #79, Newhall, California, 91321 (the "property"). SAC ¶ 6, 18, Exh. A. The deed names MERS as beneficiary and 6700 Corporation as trustee. Id., Exh. A.

On April 8, 2009, MERS employee Krasovic substituted Cal-Western as trustee under the deed. See id., Exh. C. Around the same time, plaintiff defaulted on his loan, and on April 21, 2009, a notice of default was recorded in the Los Angeles County Recorder's Office. Id., Exh. D. On the same day, MERS assigned "all beneficial interests" under the deed to Aurora. Id., Exh. B.

On April 7, 2010, plaintiff executed a grant deed conveying the property to the Vista Trust which was recorded in the Los Angeles County Recorder's Office on August 9, 2010. Def. RJN, Exh. D. The grant deed lists plaintiff as trustee of the Vista Trust. Id. On November 30, 2011, plaintiff, as trustee, executed another grant deed, conveying a 5 percent interest to three individuals each and retaining 85 percent for the Vista Trust. Id., Exh. G. This grant deed was recorded in the Los Angeles County Recorder's Office on the same day. Id.

---

[1] Plaintiff also alleges Intentional Infliction of Emotional Distress under "FACTUAL ALLEGATIONS," but he does not assert it in the caption or body of the SAC. Id. ¶ 36.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL** "O"

| Case No. | CV 11-6911 CAS (AGRx) | Date | January 30, 2012 |
|---|---|---|---|
| Title | CLAUDIO AGUIRRE v. CAL-WESTERN RECONVEYANCE CORPORATION; ET AL. | | |

    Plaintiff was unable to cure the delinquency. As a result, Cal-Western recorded a Notice of Trustee's Sale of the property on July, 12, 2011, and plaintiff responded by filing the instant action. Id., Exh. F. Specifically, plaintiff alleges that Cal-Western lacks standing to foreclose on his property because it is not the named trustee and the substitution of trustees was not made according to the terms of the deed and violated the statute of frauds. Id. ¶¶ 17, 21 (citing Cal. Civ. Code § 2932.5). Plaintiff also avers that defendants cannot foreclose because they do not physically possess the note. Id. ¶ 18. Further, according to plaintiff, Cal-Western and the other defendants have committed fraud by initiating foreclosure proceedings with "fabricated, forged documents." Id. ¶ 19, 28, 115. The gravamen of plaintiff's allegations is that defendants initiated non-judicial foreclosure without standing to do so.

    Many of plaintiff's allegations rely on a document titled "Mortgage Document Examination & Investigation Report" prepared on plaintiff's behalf by "Charles J. Horner & Associates, Forensic Document Examiners." Id., Exh. E. The report suggests violations of various laws committed by defendants.[2] See generally id.

---

    [2]Plaintiff seeks to have the Court take judicial notice of this document, among several others. See Dkt. No. 30. The Court finds that it is inappropriate to take judicial notice of the investigation report (Exh. A of the plaintiff's request for judicial notice and Exh. E of the SAC). Federal Rule of Evidence 201 authorizes a court to take judicial notice of matters of public record or documents attached to a complaint only if "no party questions" their authenticity. Fed. Rule. Evid. 201; In re Easysaver, 737 F. Supp. 2d 1159, 1166 (S.D. Cal. 2010) ("However, the rule is limited to a document 'whose authenticity no party questions'") (internal citation omitted); Lee v. City of Los Angeles, 250 F.3d 668, 689–90 (9th Cir. 2001) (reversing district court's decision to take judicial notice of documents containing disputed facts). Here, defendants explicitly dispute that the document is authentic, arguing that "[p]laintiff offers no independent source to verify the information." Dkt. No. 32. Accordingly, the Court DENIES plaintiff's request for judicial notice of the investigative report. Dkt. No. 30, Exh. A.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  "O"

| Case No. | CV 11-6911 CAS (AGRx) | Date | January 30, 2012 |
|---|---|---|---|
| Title | CLAUDIO AGUIRRE v. CAL-WESTERN RECONVEYANCE CORPORATION; ET AL. | | |

**II.   LEGAL STANDARD**

    **A.   Fed. R. Civ. P. 12(b)(6)**

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). However, "[i]n keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1950 (2009); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.") (citing Twombly and Iqbal); Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S.Ct. at 1950.

Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | "O" |
|---|---|---|---|
| Case No. | CV 11-6911 CAS (AGRx) | Date | January 30, 2012 |
| Title | CLAUDIO AGUIRRE v. CAL-WESTERN RECONVEYANCE CORPORATION; ET AL. | | |

Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6). United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

### B. Fed. R. Civ. P. 9(b)

Federal Rule of Civil Procedure 9(b) requires that the circumstances constituting a claim for fraud be pled with particularity. Federal Rule of Civil Procedure 9(b) applies not just where a complaint specifically alleges fraud as an essential element of a claim, but also where the claim is "grounded in fraud" or "[sounds] in fraud." Vess v. Ciba-Geigy Corp. U.S.A., 317 F.3d 1097, 1103–04 (9th Cir. 2003). A claim is said to be "grounded in fraud" or "'sounds in fraud'" where a plaintiff alleges that defendant engaged in fraudulent conduct and relies on solely on that conduct to prove a claim. Id. "In that event, . . . the pleading of that claim as a whole must satisfy the particularity requirement of [Fed. R. Civ. P.] 9(b)." Id. However, where a plaintiff alleges claims grounded in fraudulent and non fraudulent conduct, only the allegations of fraud are subject to heightened pleading requirements. Id. at 1104.

A pleading is sufficient under Fed. R. Civ. P. 9(b) if it "[identifies] the circumstances constituting fraud so that the defendant can prepare an adequate answer

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                                    "O"

| Case No. | CV 11-6911 CAS (AGRx) | Date | January 30, 2012 |
|---|---|---|---|
| Title | CLAUDIO AGUIRRE v. CAL-WESTERN RECONVEYANCE CORPORATION; ET AL. | | |

from the allegations." Walling v. Beverly Enters., 476 F.2d 393, 397 (9th Cir. 1973). This requires that a false statement must be alleged, and that "circumstances indicating falseness" must be set forth. In re GlenFed Sec. Litig., 42 F.3d 1541, 1548 (9th Cir. 1994). Thus, "[a]verments of fraud must be accompanied by the who, what, when, where, and how of the misconduct alleged." Vess, 317 F.3d at 1106 (internal quotation marks and citations omitted). It is not sufficient to merely identify the transaction. Rather "[t]he plaintiff must set forth what is false or misleading about a statement and why it is false." Id. (citations omitted).

When a party pleads fraud against a corporation, the already heightened pleading standard is further heightened. "The requirement of specificity in a fraud action against a corporation requires the plaintiff to allege the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written." Tarmann v. State Farm Mut. Auto. Ins. Co., 2 Cal. App. 4th 153 (1991).

### III.  DISCUSSION

As a threshold matter, defendants move to dismiss the SAC in its entirety on the ground that plaintiff lacks standing because he is not the owner of the property following his conveyance to the Vista Trust. Mot. at 3–4.

#### A.  Plaintiff's Standing to Challenge Foreclosure

Defendants argue that plaintiff does not have standing because plaintiff does not own the property. Mot. at 3 (citing Fed. R. Civ. P. 17). Defendants base this contention on plaintiff's conveyance of his 100 percent interest in property to the Vista Trust on April 7, 2010, and subsequent conveyance on November 30, 2011, to the Vista Trust (85 percent) and three individuals (5 percent each). Id. at 4; Def. RJN, Exh. D, G.

In opposition, plaintiff argues that by conveying the property to the Vista Trust, he simply put the property into a "Family Trust," so he remains a real party in interest. Opp'n at 8. Plaintiff further claims to have recently filed a "rescission," presumably for the two grant deeds, "[t]o avoid any further confusion created by opposing counsel." Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL** "O"

| Case No. | CV 11-6911 CAS (AGRx) | Date | January 30, 2012 |
|---|---|---|---|
| Title | CLAUDIO AGUIRRE v. CAL-WESTERN RECONVEYANCE CORPORATION; ET AL. | | |

In reply, defendants argue that plaintiff's offer to rescind the grant deed is without effect because standing is determined by the date in which the complaint was filed. Reply at 2. Defendants further contend that even if he were the beneficiary of The Vista Trust, a beneficiary cannot sue in the name of a trust. Id. (citing In re Estate of Bowles, 169 Cal. App. 4th 684, 691 (2008)).

The Court finds that plaintiff has standing to challenge the non-judicial foreclosure. "As a general rule, the trustee is the real party in interest with standing to sue and defend on the trust's behalf . . . Conversely, a trust beneficiary cannot sue in the name of the trust." Bowles, 169 Cal. App. 4th at 691 (citing Cal. Code Civ. P. § 369). Although defendants contend plaintiff is merely the beneficiary of the Vista Trust and therefore lacks standing, the record reflects that both grant deeds designate plaintiff as trustee of the Vista Trust. See Def. RJN, Exhs. D, G. Accordingly, as trustee of a trust that now owns 85 percent of the property, plaintiff has standing to challenge the foreclosure. Bowles, 169 Cal. App. 4th at 691.

The Court now turns to the merits of plaintiff's SAC.

**B.    First, Sixth, Eighth and Tenth Claims Challenging Authority to Foreclose**

Defendants argue that plaintiff's first, sixth, eighth, and tenth claims—each premised on defendants' purported lack of authority to foreclose on the property— fail as a matter of law.[3] Mot. at 4. First, defendants contend that plaintiff has not alleged tender and therefore cannot challenge his foreclosure. Id. at 5. Second, defendants argue that MERS may act as a beneficiary under a deed of trust, may substitute the trustee, and may assign a new beneficiary of a deed of trust. Id. at 6. Third, defendants argue that the

---

[3]Plaintiff's first claim, for a violation of Fed. R. Civ. P. 17, alleges that defendants are not "part[ies] in interest" for purposes of the rule. Fed. R. Civ. P. 17; SAC ¶ 21. Plaintiff's sixth claim for declaratory relief, eighth claim for quiet title, and tenth claim for violations of Cal. Civ. Code § 2934(a) are also based on defendants' alleged "lack of standing" to initiate foreclosure proceedings. Id. ¶ 42.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL** "O"

| Case No. | CV 11-6911 CAS (AGRx) | Date | January 30, 2012 |
|---|---|---|---|
| Title | CLAUDIO AGUIRRE v. CAL-WESTERN RECONVEYANCE CORPORATION; ET AL. | | |

substitution of the trustee complied with Cal. Civ. Code § 2934(a) because it was executed by MERS, the only beneficiary under the deed. Id. at 9–10. Fourth, defendants assert that there is no requirement in California that the original promissory note be produced to initiate a non-judicial foreclosure. Id. at 10 (citing Hafiz v. Greenpoint Mortg. Funding, 652 F. Supp. 2d 1039, 1043 (N.D. Cal. 2009)). Finally, defendants argue that there is no right to challenge the authority of a foreclosing beneficiary. Id. at 11 (citing Gomes v. Countrywide Home Loans, Inc., 192 Cal. App. 4th 1149 (2011)).

In opposition, plaintiff does not challenge these assertions. Instead, plaintiff merely reiterates the allegations contained in the SAC. Opp'n at 20, 23, 25.

The Court finds that all claims challenging defendants' authority to foreclose fail as a matter of law. First, plaintiff has not alleged a purpose or ability to fully tender his debt owed which is a prerequisite challenging a non-judicial foreclosure. "A valid and viable tender of payment of the indebtedness owing is essential to an action to cancel a voidable sale under a deed of trust." Karlsen v. American Sav. and Loan Assn., 15 Cal. App. 3d 112, 117 (1971). Although plaintiff has alleged that "*[i]t is not now,* and has never been my intention not to pay a debt I, [sic] legally owe," this assertion does not adequately set forth plaintiff's intent to presently tender the full amount due. See SAC ¶¶ 15, 21, 83; Gaffney v. Downey Savings & Loan Assn., 200 Cal. App. 3d 1154, 1165 (1988) ("The tenderer must do and offer everything that is necessary on his part to complete the transaction, *and must fairly make known his purpose without ambiguity.* . . .") (internal quotations omitted) (emphasis in original). Additionally, plaintiff has not alleged facts demonstrating an ability to pay off the debt or circumstances suggesting tender would be inequitable. See Montoya v. Countrywide Bank, F.S.B., 2009 WL 1813973 at *12 (N.D. Cal. June 25, 2009) (holding that the plaintiffs failed to adequately state a claim for wrongful foreclosure and quiet title because "[p]laintiffs' [c]omplaint does not allege that [p]laintiffs have attempted to tender the loan amount, have the ability to do so, or allege facts showing that such equitable circumstances exist such that tender should not be required"). Accordingly, plaintiff's failure to allege an ability and intent to tender the full amount due precludes him from pursuing any claims in connection with his foreclosure. See, e.g., Alicea v. GE Money Bank, 2009 U.S. Dist. LEXIS 60813, *7–8 (N.D. Cal. July 16, 2009) (holding that "when a debtor is in default of a home mortgage loan, and a foreclosure is either pending or has

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | "O" |
|---|---|---|---|
| Case No. | CV 11-6911 CAS (AGRx) | Date | January 30, 2012 |
| Title | CLAUDIO AGUIRRE v. CAL-WESTERN RECONVEYANCE CORPORATION; ET AL. | | |

taken place, the debtor must allege credible tender of the amount of the secured debt to maintain any cause of action for foreclosure"); Sipe v. McKenna, 88 Cal. App. 2d 1001, 1006 (Cal. Ct. App. 1948) (holding that viable tender of the full debt is a precondition for equitable relief).

Second, the California Court of Appeal recently clarified that a plaintiff cannot challenge a named beneficiary's authority to initiate a non-judicial foreclosure under Cal. Civ. Code § 2924(a). Gomes v. Countrywide Home Loans, Inc., 192 Cal. App. 4th 1149, 1155 (2011) ("The recognition of the right to bring a lawsuit to determine a nominee's authorization to proceed with foreclosure on behalf of the noteholder would fundamentally undermine the nonjudicial nature of the process and introduce the possibility of lawsuits filed solely for the purpose of delaying valid foreclosures."). Here, MERS was a named beneficiary under the deed. See SAC, Exh. A (stating that plaintiff "agreed by executing [the deed of trust] that MERS has the authority to initiate a foreclosure."). Accordingly, plaintiff's assertion that MERS lacked authority to initiate the foreclosure fails as a matter of law. Gomes, 192 Cal. App. 4th at 1155.

Third, as a named beneficiary, MERS was authorized to assign the mortgage to Aurora. Although plaintiff seeks to challenge assignment of the beneficial interest to Aurora as violating the "Statutes of Frauds" and Cal. Civ. Code § 2932.5, settled law authorizes MERS's assignment here. SAC ¶ 21; Cal. Civ. Code §§ 2934–35; Benham v. Aurora Loan Services, 2009 WL 2880232, *3–4 (N.D. Cal. Sept. 1, 2009) ("As beneficiary under the Deed of Trust . . . MERS also had the authority to assign its beneficial interest under the deed of trust to Aurora . . ."). Furthermore, the assignment was recorded with the County of Los Angeles on April 8, 2011, which "operates as constructive notice of the contents thereof, to all persons," including plaintiff. Cal. Civ. Code § 2934.

Fourth, the Court finds that Cal-Western's substitution as trustee in place of 6700 Corporation was done in compliance with Cal. Civ. Code § 2934a. That section provides, in part:

> The trustee under a trust deed upon real property or an estate for years therein given to secure an obligation to pay money and conferring no other duties upon

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL** "O"

| Case No. | CV 11-6911 CAS (AGRx) | Date | January 30, 2012 |
|---|---|---|---|
| Title | CLAUDIO AGUIRRE v. CAL-WESTERN RECONVEYANCE CORPORATION; ET AL. | | |

the trustee than those which are incidental to the exercise of the power of sale therein conferred, may be substituted by the recording in the county in which the property is located of a substitution executed and acknowledged by: (A) all of the beneficiaries under the trust deed, or their successors in interest, and the substitution shall be effective notwithstanding any contrary provision in any trust deed executed on or after January 1, 1968; or (B) the holders of more than 50 percent of the record beneficial interest of a series of notes secured by the same real property . . .

Cal. Civ. Code § 2934a(a)(1).

Here, MERS, as sole beneficiary, "executed and acknowledged" the substitution on April 8, 2009, naming Cal-Western as substitute trustee. See SAC, Exh. C. It was subsequently recorded "in the county in which the property is located," Los Angeles County, on June 16, 2009. Id. Because Cal-Western is the substituted trustee, it has the power of sale and can initiate foreclosure. See Gomes, 192 Cal. App. 4th at 1155 (interpreting Cal. Civ. Code § 2924(a) to mean that a "trustee, mortgagee, or beneficiary, or any of their authorized agents may initiate the foreclosure process"). Cal-Western therefore properly initiated foreclosure proceedings on the property.

Finally, the Court rejects plaintiff's contention that defendants were required to produce a physical copy of the deed in order to initiate the foreclosure. "California law does not require possession of the actual note as a precondition to non-judicial foreclosure under a deed of trust . . ." Pagtalunan v. Reunion Mortg., Inc., 2009 WL 961995 at *2 (N.D. Cal. April 8, 2009). Although plaintiff cites UCC § 3-305 as support for a presentation requirement, see SAC ¶ 18, Article 3 of the UCC "does not apply to nonjudicial foreclosure under deeds of trust." Padayachi v. IndyMac Bank, 2010 WL 4367221, *3 (N.D. Cal. Oct. 28, 2010); See also Moeller v. Lien, 25 Cal. App. 4th 822, 834 (1994) ("The comprehensive statutory framework established [by the California Civil Code] is intended to be exhaustive.").

In accordance with the foregoing, the Court finds that defendants properly initiated foreclosure proceedings in this case. Defendants' motion is therefore GRANTED as to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | "O" |
|---|---|---|---|
| Case No. | CV 11-6911 CAS (AGRx) | Date | January 30, 2012 |
| Title | CLAUDIO AGUIRRE v. CAL-WESTERN RECONVEYANCE CORPORATION; ET AL. | | |

plaintiff's first, sixth, eight, and tenth claims. Because the Court finds that leave to amend would be futile, dismissal is with prejudice. Schreiber Distrib. Co., 806 F.2d at 1401.

      C.      **Second and Fourth Claims for Violations of the FDCPA and California Rosenthal Act**

Plaintiff alleges that Aurora and Cal-Western are debt collectors who are "unable or unwilling to validate" numerous notices of default. SAC ¶ 31, 35. Plaintiff offers no facts to support this allegation. See generally id. Plaintiff also alleges that Cal-Western and Aurora violated the California Rosenthal Act because they (1) foreclosed on a void security interest, (2) foreclosed on a note for which they were not in possession, (3) falsely stated the amount of the debt, (4) increased the amounts of debt, and (5) used unfair means to collect it. Id. ¶ 63.

Defendants move to dismiss both claims on the grounds that (1) defendants are not debt collectors under either act and (2) non-judicial foreclosure proceedings are not debt collection activities under either act. Mot. at 12, 14. In opposition, plaintiff merely repeats the same bare allegations contained in the SAC. Opp'n at 20–22.

The Court finds that because plaintiff has failed to allege that any defendant is a "debt collector," his FDCPA and Rosenthal Act claims should be dismissed. "To state a claim for violation of the FDCPA, a plaintiff must allege that the defendant is a 'debt collector' collecting a 'debt.'" Izenberg v. ETS Servs., 589 F. Supp. 2d 1193, 1198–99 (C.D. Cal. 2008) (citation omitted); See also Castaneda v. Saxon Mortg. Services, Inc., 687 F. Supp. 2d 1191, 1197 (E.D. Cal. 2009) (dismissing Rosenthal Act claim because plaintiffs failed to allege facts that would support the inference that defendants were debt collectors under the Act). Here, the basis for plaintiff's FDCPA claim appears to be that defendants have no legal interest in foreclosing on the property. As discussed above, however, plaintiff's claims challenging the validity of the foreclosure fail as a matter of law. Moreover, "[t]he law is well-settled . . . that creditors, *mortgagors,* and *mortgage servicing companies* are not debt collectors and are statutorily exempt from liability under the FDCPA." Helper v. Washington Mut. Bank, F.A., 2009 WL 1045470 at *4 (C.D. Cal. April 17, 2009), citing Scott v. Wells Fargo Home Mortg., 326 F. Supp. 2d

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | "O" |
|---|---|---|---|
| Case No. | CV 11-6911 CAS (AGRx) | Date | January 30, 2012 |
| Title | CLAUDIO AGUIRRE v. CAL-WESTERN RECONVEYANCE CORPORATION; ET AL. | | |

709, 718 (E.D. Va. 2003) (internal citation marks omitted) (emphasis in original)). Accordingly, even had plaintiff alleged that defendants were debt collectors, the FDCPA claim would fail because mortgage servicing companies are statutorily exempt from liability.

Similarly, plaintiff cannot allege that Cal-Western and Aurora are "collecting a debt" by foreclosing on the property because initiating foreclosure proceedings is not collection of a debt under either the FDCPA or California Rosenthal Act. Izenberg, 589 F. Supp. 2d at 1199 (holding that "foreclosing on [a] property pursuant to a deed of trust is not the collection of a debt within the meaning of the FDCPA" or the Rosenthal Act and dismissing both claims with prejudice because "it does not appear that plaintiff can cure this deficiency") (internal quotation marks omitted); Castaneda, 687 F. Supp. 2d at 1197 (concluding that, similar to the FDCPA, "foreclosure pursuant to a deed of trust does not constitute debt collection under the RFDCPA").

Accordingly, defendants' motion to dismiss is GRANTED as to plaintiff's second and fourth claims. Because the Court finds that leave to amend would be futile, dismissal is with prejudice. Schreiber Distrib. Co., 806 F.2d at 1401.

### D. Third and Seventh Claims for RESPA and TILA Violations

Plaintiff appears to allege that Aurora and Cal-Western violated two RESPA provisions by failing to deliver notice to plaintiff that Aurora had been named beneficiary under the mortgage along with the required disclosure statements, and because Aurora allegedly accepted improper payments in connection with servicing the mortgage. SAC ¶ 58 (citing 12 U.S.C. §§ 2605, 2607).[4] Plaintiff also alleges that Aurora violated TILA by failing to provide required disclosures at the time of the "consummation of the loan" and failed to notify plaintiff of becoming the assignee of the loan secured by the deed. Id. ¶ 90–94.

---

[4] The third claim is asserted against both Aurora and Cal-Western; however, the conduct complained of appears to be against Aurora only.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL** "O"

| Case No. | CV 11-6911 CAS (AGRx) | Date | January 30, 2012 |
|---|---|---|---|
| Title | CLAUDIO AGUIRRE v. CAL-WESTERN RECONVEYANCE CORPORATION; ET AL. | | |

Defendants argue that the RESPA and TILA claims should be dismissed because none of the defendants originated plaintiff's loan. Mot. at 12. Additionally, defendants contend that the RESPA claim fails because plaintiff must assert damages caused by the failure to provide notice of a service transfer, and plaintiff's asserted damages—that his payments were not credited—cannot be true because he stopped making payments eight months after the loan was transferred. Id. at 13. Finally, defendants argue that both claims are time barred because the note was executed in 2005, five years before the instant action, in violation of the statutes' one-year limitations periods. Id. (citing 12 U.S.C. § 2614; 15 U.S.C. § 1640(e)).

In opposition, plaintiff does not address these alleged deficiencies and again only argues what is alleged in the SAC. Opp'n at 21, 23.

The Court finds that the RESPA and TILA claims should be dismissed. First, as to the RESPA claim, plaintiff fails to allege any damage caused by the failure of defendant Aurora to make the required disclosures. See Wilson v. JPMorgan Chase Bank, NA, 2010 WL 2574032 at 9 (E.D.Cal. 2010) ("[A] plaintiff must also allege actual harm to survive a motion to dismiss of a RESPA claim."). The only damage plaintiff asserts is that as a result of the non-disclosure, plaintiff was sending payments to entities who had no right to service his mortgage, and as a result, he fell behind on payments. SAC ¶ 50. However, the assignment could not have been a cause of the harm because plaintiff did not enter default until eight months after Aurora received assignment of the mortgage, and had thus been making payments to Aurora for that entire period. See SAC, Exhs. B, D. Moreover, plaintiff's allegations that Aurora improperly received "kickbacks and/or undisclosed fees" is unsupported by a single factual allegation. Id. ¶ 57. Instead, it appears that plaintiff simply copied the statutory language verbatim and inserted the word "defendant." Id. These types of conclusory allegations are insufficient to withstand a motion to dismiss. See W. Mining Council, 643 F.2d at 624.

Additionally, the Court finds that the TILA claim should be dismissed. An assignee of a creditor under TILA is liable only if the violation "is apparent on the face of the disclosure statement." Ortiz v. Accredited Home Lenders, Inc., 639 F. Supp. 2d 1159, 1163 (S.D. Cal. 2009) (citing 15 U.S.C. § 1641(a)). Here, Aurora is assignee of the note and deed of trust. See SAC, Exh. B. Plaintiff alleges that Aurora failed to make

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  "O"

| Case No. | CV 11-6911 CAS (AGRx) | Date | January 30, 2012 |
|---|---|---|---|
| Title | CLAUDIO AGUIRRE v. CAL-WESTERN RECONVEYANCE CORPORATION; ET AL. | | |

required disclosures prior to "consummation of the transaction," but Aurora was not a party to the original note or deed of trust transactions. Id. ¶ 92. Furthermore, plaintiff fails to allege a violation on the face of the disclosure statement which is grounds for dismissal. Id. ¶ 91; White v. Homefield Financial, Inc., 545 F. Supp. 2d 1159, 1168 (W.D. Wash. 2008) ("TILA's assignee liability . . . may be asserted against an assignee only for 'violations that a reasonable person can spot on the face of the disclosure statement or other assigned documents'") (citing Taylor v. Quality Hyundai, Inc., 150 F.3d 689, 694 (7th Cir. 1998)).

These claims also appear to be time-barred. A claim under RESPA and TILA must be brought within a year after the date of the occurrence of the violation. 12 U.S.C. § 2614; 15 U.S.C. § 1640(e). Plaintiff alleges that Aurora violated RESPA by not providing him notice when MERS transferred his loan to Aurora in violation of RESPA § 2605(c) (stating that "[e]ach transferee servicer to whom the servicing of any federally related mortgage loan is assigned, sold, or transferred shall notify the borrower of any such assignment, sale, or transfer" within 15 days of the transfer). Plaintiff also alleges that Aurora violated TILA § 1641(g) by failing to provide written notice within 30 days that it had been assigned as beneficiary. See 15 U.S.C. § 1641(g) (providing that "not later than 30 days after the date on which a mortgage loan is sold or otherwise transferred or assigned to a third party, the creditor that is the new owner or assignee of the debt shall notify the borrower in writing of such transfer"). Here, the assignment to Aurora became effective on April 21, 2009. See SAC, Exh. B. Aurora therefore had until May 6, 2009, to satisfy disclosure requirements under RESPA § 2605(c) and May 21, 2009, to satisfy disclosure requirements under TILA § 1641(g).[5] If plaintiff's allegations are true—that

---

[5] Aurora focuses its arguments for dismissal on the origination of plaintiff's loan. To the extent plaintiff alleges that Aurora violated RESPA and TILA by not disclosing certain documents in connection with the loan's origination, the claims are barred because Aurora was not involved in that process as discussed above. However, plaintiff also seeks relief under RESPA § 2605(c) and TILA § 1641(g), which require Aurora, as transferee, to provide notice of transfer to plaintiff. Because Aurora's arguments in support of dismissal focus on the origination of plaintiff's loan, it does not address whether it properly notified plaintiff of the transfer of interest as required by those

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**    "O"

| Case No. | CV 11-6911 CAS (AGRx) | Date | January 30, 2012 |
|---|---|---|---|
| Title | CLAUDIO AGUIRRE v. CAL-WESTERN RECONVEYANCE CORPORATION; ET AL. | | |

he was not provided with required written disclosures by the transferee Aurora—he had until, at the latest, May 6, 2010, to bring claims under both RESPA and TILA.[6] Because plaintiff did not file suit until August 22, 2011, his claims are time-barred. See Dkt. No. 1.[7]

---

sections. Accordingly, defendants have not demonstrated that leave to amend would be futile as to plaintiff's RESPA and TILA claims.

    [6]As to the RESPA § 2607 claim, it is unclear when the alleged "kickbacks" paid by Aurora would have occurred, but assuming it was in connection with the assignment of the deed, that claim is also time-barred.

    [7]Although plaintiff baldly asserts that equitable tolling should apply because he is an "unsophisticated consumer" who had no way of discovering non-disclosure, he alleges no facts to support a finding that he was unable to gather the required information after exercising due diligence. SAC ¶ 22; Santa Maria v. Pacific Bell, 202 F.3d 1170, 1178 (9th Cir. 2000) ("Equitable tolling may be applied if, despite all due diligence, a plaintiff is unable to obtain vital information bearing on the existence of his claim."); Shapiro v. Bank of America, N.A., 2011 WL 4851145, *5 (E.D. Cal. Oct. 12, 2011) (finding that equitable tolling for TILA claim did not apply in a foreclosure case, where, even though the plaintiff was an unsophisticated consumer, "[p]laintiff alleges no facts that show that he was diligent through other means in trying to discover Defendants' alleged fraud"). Plaintiff's allegations indicate that he knew of the assignment to Aurora by alleging that Aurora "were [sic] uncooperative and refused to discuss or give plaintiff a modification of a loan work out agreement." SAC ¶ 56. Yet plaintiff does not allege when he discovered this assignment, if his discovery was delayed, or if that delay should be excused. Finally, plaintiff does not explain why, after he received a notice of default in April 2009, he made no efforts to discover who held the note. See SAC, Exh. D. Accordingly, the Court declines to toll the statute of limitations. Shapiro, 2011 WL 4851145 at *5 ("Since plaintiff did not plead facts sufficient to justify equitable tolling, the Court declines to toll the statute of limitations.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  "O"

| Case No. | CV 11-6911 CAS (AGRx) | Date | January 30, 2012 |
|---|---|---|---|
| Title | CLAUDIO AGUIRRE v. CAL-WESTERN RECONVEYANCE CORPORATION; ET AL. | | |

Accordingly, defendants' motion to dismiss is GRANTED as to plaintiff's third and seventh claims. However, because amendment may not be futile, dismissal is with leave to amend.[8]

### E.  Ninth Claim for Fraud

Plaintiff alleges that an employee of Cal-Western fraudulently purported to be a vice president of MERS in order to execute assignment of the deed to Aurora. SAC ¶ 115. Plaintiff also avers that "defendants" committed "mail fraud, intentional fraud, fraud upon the court, notary forgery, and recordation of unlawful and void instruments in the Los Angeles County Records" by "working in concert and knowingly signing, fabricating fraudulent documents, notarizing fraudulent documents without the proper notarization in person and on the notary journal. . . ."[9] Id. ¶ 113.

Defendants assert that the complaint is defective because plaintiff fails to set forth which documents received by plaintiff were fraudulent. Mot. at 16. Plaintiff fails to address the fraud claim in his opposition. See generally Opp'n.

The Court finds that to the extent plaintiff's fraud claim asserts mail fraud, it should be dismissed. The mail fraud statute, 18 U.S.C. § 1341, is a criminal statute and does not provide for a private right of action. Official Publications, Inc. v. Kable News Co., 884 F.2d 667, 667 (2d Cir. 1989); Jefferson v. United States, 73 Fed. Appx. 262 (9th Cir. 2003). Additionally, the fraud claim in its entirety must be dismissed because it fails to meet the particularity requirements of Rule 9(b). Specifically, plaintiff's allegation

---

[8]The Court notes that the assignment of the deed of trust to Aurora, effective in April 2009, was not recorded until November 8, 2010. See SAC, Exh. B. If plaintiff was not put on notice of Aurora's alleged nondisclosure until that date, his RESPA and TILA claim may not be time barred. However, at this stage plaintiff has not pled any facts to support this theory.

[9]The Court recognizes that certain fraud claimed by plaintiffs, e.g. fraud on the Court, may not be actionable depending upon whether the alleged fraud is extrinsic or intrinsic. The Court cannot reach a conclusion as to which theories are cognizable until plaintiff has met the particularity requirements of Rule 9(b). See infra.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | "O" |
|---|---|---|---|
| Case No. | CV 11-6911 CAS (AGRx) | Date | January 30, 2012 |
| Title | CLAUDIO AGUIRRE v. CAL-WESTERN RECONVEYANCE CORPORATION; ET AL. | | |

that all "defendants" committed fraud "by working in concert and knowingly signing, fabricating fraudulent documents, notarizing fraudulent documents without the proper notarization in person and on the notary journal" does not specify which documents were forged, when they were forged, or by whom they were forged as required by Rule 9(b). See SAC ¶ 113; Vess, 317 F.3d at 1106 ("Averments of fraud must be accompanied by the who, what, when, where, and how of the misconduct alleged.") (internal quotation marks and citations omitted).[10]

Accordingly, the Court GRANTS defendants' motion as to plaintiff's fraud claim. Because amendment may not be futile, however, dismissal is without prejudice.

    **F.**     **Fifth Claim for RICO Violations**

Plaintiff appears to assert that the alleged mail fraud forms the predicate act for a RICO claim. SAC ¶ 17. "To prevail on a civil RICO claim, a plaintiff must prove that the defendant engaged in (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity and, additionally, must establish that (5) the defendant caused injury to plaintiff's business or property." Chaset v. Fleer/Skybox/Int'l, 300 F.3d 1083, 1086 (9th Cir. 2002). Here, because plaintiff fails to adequately plead that claim under Rule 9(b) as set forth above, the RICO claim must also be dismissed. See id. at 1400–01 (dismissing a RICO claim because the predicate mail fraud claim was not pled with particularity).

---

[10]Plaintiff also alleges that individual defendant Krasovic, an employee of Cal-Western, somehow "appoint[ed] himself as a Secretary" of MERS in order to effectuate the allegedly fraudulent substitution of trustees and that the substitution document was fraudulently backdated. Id. ¶¶ 10, 28. However, these allegations are entirely speculative and do not allege a single fact supporting an inference as to how this could have happened. Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.").

Accordingly, the Court GRANTS defendants' motion as to plaintiff's fifth claim. Because the Court finds that leave to amend may not be futile, however, dismissal is without prejudice. Should plaintiff choose to pursue relief under RICO, plaintiff shall file, within twenty (20) days hereof, a RICO case statement. If plaintiff does not file and serve a RICO case statement within twenty days hereof, this will be deemed plaintiff's withdrawal of the RICO claim. If plaintiff files a RICO case statement within twenty days, the complaint will be deemed amended to include the RICO case statement.

The RICO case statement shall include the facts plaintiff is relying upon to initiate this RICO claim as a result of the "reasonable inquiry" required by Rule 11 of the Federal Rules of Civil Procedure. In particular, this statement shall be in a form which uses the numbers and letters as set forth below, and shall state in detail and with specificity the following information.

1. State whether the alleged unlawful conduct is in violation of 18 U.S.C. § 1962(a), (b), (c), and/or (d).

2. List each defendant and state the alleged misconduct and basis of liability of each.

3. List the alleged wrongdoers, other than the defendants listed above, and state the alleged misconduct of each wrongdoer.

4. List the alleged victims and state how each victim was allegedly injured.

5. Describe in detail the pattern of racketeering activity or collection of unlawful debts alleged for each RICO claim. A description of the pattern of racketeering shall include the following information:

    a. List the alleged predicate acts and the specific statutes which were allegedly violated;
    b. Provide the dates of the predicate acts, the participants in the predicate acts, and a description of the facts surrounding the predicate acts;
    c. If the RICO claim is based on the predicate offense of fraud, the "circumstances constituting fraud . . . shall be stated with particularity." Fed. R. Civ. P. 9(b). Identify the time, place and contents of the alleged misrepresentations, and the identity of persons to whom and by whom the alleged misrepresentations were made;
    d. State whether there has been a criminal conviction for violation of the predicate acts;
    e. State whether civil litigation has resulted in a judgment with respect to the predicate acts;
    f. Describe how the predicate acts form a "pattern of racketeering activity"; and

  g.  State whether the alleged predicate acts relate to each other as part of a common plan. If so, describe in detail.

6.  Describe in detail the alleged enterprise for the RICO claim. A description of the enterprise shall include the following information:

  a.  State the names of the individuals, partnerships, corporations, associations, or other legal entities, which allegedly constitute the enterprise;

  b.  Describe the structure, purpose, function and course of conduct of the enterprise;

  c.  State whether any defendants are employees, officers or directors of the alleged enterprise;

  d.  State whether any defendants are associated with the alleged enterprise;

  e.  State whether you are alleging that the defendants are individuals or entities separate from the alleged enterprise, or that the defendants are the enterprise itself, or members of the enterprise; and

  f.  If any defendants are alleged to be the enterprise itself, or members of the enterprise, explain whether such defendants are perpetrators, passive instruments, or victims of the alleged racketeering activity.

7.  State and describe in detail whether you are alleging that the pattern of racketeering activity and the enterprise are separate or have merged into one entity.

8.  Describe the alleged relationship between the activities of the enterprise and the pattern of racketeering activity. Discuss how the racketeering activity differs from the usual and daily activities of the enterprise, if at all.

9.  Describe what benefits, if any, the alleged enterprise receives from the alleged pattern of racketeering.

10.  Describe the effect of the activities of the enterprise on interstate or foreign commerce.

11.  If the claim alleges a violation of 18 U.S.C. § 1962(a), provide the following information:

  a.  State who received the income derived from the pattern of racketeering activity or through the collection of an unlawful debt; and

  b.  Describe the use or investment of such income.

12. If the claim alleges a violation of 18 U.S.C. § 1962(b), describe in detail the acquisition or maintenance of any interest in or control of the alleged enterprise.

13. If the claim alleges a violation of 18 U.S.C. § 1962(c), provide the following information:

    a. State who is employed by or associated with the enterprise; and
    b. State whether the same entity is both the liable "person" and the "enterprise" under § 1962(c).

14. If the claim alleges a violation of 18 U.S.C. § 1962(d), describe in detail the alleged conspiracy.

15. Describe the alleged injury to business or property.

16. Describe the direct causal relationship between the alleged injury and the violation of the RICO statute.

17. List the damages sustained for which each defendant is allegedly liable.

## IV. CONCLUSION

In accordance with the foregoing, the Court GRANTS defendants' motion to dismiss the SAC. The first, second, fourth, sixth, and eighth claims are dismised with prejudice. The third, fifth, seventh, and ninth claims are dismissed without prejudice. Plaintiff shall have twenty (20) days from the date of this order to file an amended complaint.

IT IS SO ORDERED.

|  |  |  |
|---|---|---|
|  | 00 : | 02 |
| Initials of Preparer | CMJ |  |